366

[No. 40181.   En Banc.   December 11, 1969.]

THE STATE OF WASHINGTON, *on the Relation of* Wilbert A. Pitkanen, *Appellant*, v. CHARLES B. ZITTEL *et al.*, *Respondents.**

*Robert M. Reynolds,* for appellant.

*Marshall McCormick* and *Robert R. Hamilton,* for respondents.

PER CURIAM.—The appellant, Wilbert A. Pitkanen, was refused a license as a special policeman by the respondent Zittel, Chief of Police of the City of Tacoma, to whom the duty to pass upon the qualifications of applicants for such licenses had been delegated by the city manager, the respondent Rowlands. This action was brought to obtain a writ of mandamus directing the issuance of the license. The trial court dismissed the action at the close of the appellant's case.

It is contended on appeal that the trial court should have found that the chief of police acted arbitrarily and capri-

*Reported in 462 P.2d 944.

ciously in denying the appellant's application. This contention is grounded on the appellant's theory that, because his police record showed three arrests but no convictions, there was no evidence before the police chief upon which he could base a finding that the appellant was not qualified to hold a license as special policeman. However, this theory is not supported by the facts. The evidence presented by the appellant showed that he had indeed committed at least one of the offenses with which he was charged. The appellant's admitted behavior on that occasion cast grave doubt on the question whether he should be trusted with the indicia of authority attached to the badge of a special policeman. His testimony also revealed other questionable aspects of his personality and character.

Furthermore, the chief of police testified that it was not the mere fact of the arrests which prompted his refusal of the application. He stated that he based his action on the information contained in the police reports concerning the incidents and the further fact that the appellant had lied to one of his prospective employers concerning his police record. Although the appellant submitted numerous interrogatories to the respondents, he did not ask for copies of these reports nor did he ask that the information contained in them be revealed to him. He does not now assert that they were untrustworthy or that they contained any falsehood concerning his character or conduct.

The appellant's contention that the decision to deny his application was based soley on the fact that he had been arrested three times is patently without merit.

■ He also urges that the ordinance providing for the issuance of licenses in the discretion of the city manager is unconstitutional because no standards are provided. Standards are provided, however, in section 7.10.030 of the Tacoma City Ordinance, which requires that the applicant must show good character, competency, and integrity, must furnish character references and a bond, and must list any previous police record. Where the activity to be licensed is one in which the public has a legitimate interest which

requires its regulation, the vesting of discretion in an executive or administrative officer to determine whether qualifications of this sort exist is within the police power. *Tarver v. City Comm'n of Bremerton*, 72 Wn.2d 726, 435 P.2d 531 (1967). If the officer makes an arbitrary or capricious decision, that decision is subject to review by the courts in an action such as this. This contention of the appellant is likewise without merit.

■ But the appellant maintains that his activities as a watchman do not affect the public interest. The evidence shows that the job for which he sought a commission as special policeman was with a private detective agency, which furnishes watchmen to clients. The agency supposedly warrants that its employees are reliable and trustworthy, and if they are given the apparent authority which accompanies the badge of a special policeman, the client has a right to assume that the watchman also has the approval of the city police and can be trusted to guard the client's property and not abuse his position. The question whether a city can impose regulations and requirements upon private persons performing some of the functions of regular police was answered in the affirmative in *Surry v. Seattle*, 14 Wn.2d 350, 128 P.2d 322 (1942). The appellant has advanced no persuasive reason why that decision should be overturned.

The judgment is affirmed.